D&F

FILED
U.S. ... NY
★ NOV 17 2010 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

TIMOTHY HOLT,
   also known as
   "bronxblkdad@aol.com,"
   "bronxblkdad@yahoo.com,"
   "blkdadbx@yahoo.com,"
   "renny5rboi@yahoo.com,"
   "renny5rboi@aol.com," and
   "fiverboi@aol.com,"

                Defendant.

- - - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

09-cr-0746 (JS)

WHEREAS, in the Indictment in the above-captioned case, the United States of America seeks the forfeiture of certain properties of the defendant TIMOTHY HOLT (the "Defendant"), pursuant to 18 U.S.C. § 2253, including, but not limited to, property which is subject to forfeiture as a result of his violation of 18 U.S.C. § 2252;

WHEREAS, on or about November 17, 2010 the Defendant pled guilty to the Indictment charging a violation of 18 U.S.C. § 2252(a)(1) and the Forfeiture Allegation contained therein; and

WHEREAS, as part of his plea agreement, the Defendant consents to the forfeiture of certain property specified in the Indictment, as set forth below.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, based upon the agreement by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his right, title and interest in One Gateway computer, model number NX570X, serial number 0038634806, which was surrendered by the defendant on or about April 21, 2009 (the "Forfeited Property"), as property that constitutes: (a) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real and personal, constituting or traceable to gross profits and other proceeds obtained from such offenses; (c) property, real and personal, used or intended to be used to commit or to promote the commission of said offenses or property traceable to such property; and/or (d) substitute assets, and thus is subject to forfeiture to the United States.

2. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct. The

United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Property as a substitute for published notice as to those persons so notified.

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

4. Any person, other than the Defendant, asserting a legal interest in the Forfeited Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in

the property, any additional facts supporting the petitioner's claim, and the relief sought.

5.  The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Property in any administrative or judicial proceeding. If the Forfeited Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the Defendant up to the value of the Forfeited Property not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Property. The forfeiture of the Forfeited Property shall not to be considered a payment of a fine or a payment on any income taxes that may be due.

6.  The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double

jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated: Central Islip, New York
   November 17, 2010

             HONORABLE JOANNA SEYBERT
             UNITED STATES DISTRICT JUDGE